UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

TODD GIFFEN,                                            Case No. 25-CV-0292 (PJS/DTS)

          Plaintiff,

v.                                                                              ORDER

WARDEN FMC ROCHESTER,

          Defendant.

---

Todd Giffen, pro se.

Ana H. Voss and Kristen Elise Rau, UNITED STATES ATTORNEY'S OFFICE, for defendant.

This matter is before the Court on plaintiff Todd Giffen's emergency motion to transfer [ECF No. 7]; emergency request[1] for reconsideration of and relief from the January 30, 2025, Report and Recommendation ("R&R") of Magistrate Judge David T. Schultz [ECF No. 8]; emergency supplemental motion to transfer [ECF No. 9]; objection[2] to the same January 30, 2025, R&R [ECF No. 10]; and motion[3] for relief [ECF No. 13].

---

[1] The Court construes this as an objection to the R&R.

[2] Giffen filed another objection [ECF No. 12] on March 31, 2025. This was well after the deadline for filing objections to the R&R, *see* Fed. R. Civ. P. 72(b)(2), and well after Giffen had already timely filed two objections to the R&R, ECF Nos. 8, 10. The March 31, 2025, objection is therefore not properly before the Court and will not be considered.

[3] The Court construes this as an objection to the R&R. This "motion" was also filed well after the deadline for filing objections to the R&R. For the same reasons

Judge Schultz recommends denying Giffen's habeas petition for lack of jurisdiction. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Giffen's objections and adopts the R&R. The Court also denies Giffen's motions to transfer the case back to the Eastern District of North Carolina.

Giffen moves the Court to transfer his case back to the Eastern District of North Carolina, seemingly because Giffen reads the relevant Fourth Circuit case law to be more favorable to his position than the applicable Eighth Circuit case law. But the fact remains that, because Giffen is civilly detained in Rochester, Minnesota, the Eastern District of North Carolina is plainly not the proper venue for his claim. *See* 28 U.S.C. § 2241 (a); ECF No. 3. The Court therefore denies Giffen's motions to transfer.

This is at least the *tenth* habeas corpus proceeding Giffen has initiated since 2022. *See* ECF No. 6 at 3–4 (collecting cases); *Giffen v. Warden of Federal Medical Center Rochester et al*, No. 25-CV-0167 (JWB/DLM) (D. Minn. filed Jan. 13, 2025). In January 2025 alone, Giffen filed three, substantively similar habeas petitions (including this one), which have proceeded simultaneously before three different sets of district and magistrate judges. *See* No. 25-CV-0086 (DSD/DJF); No. 25-CV-0167 (JWB/DLM). In light of this record, and given Giffen's recent representation (Case No. 25-CV-0086 (DSD/DJF), ECF

---

discussed as to the March 31, 2025, objection, this "motion" is not properly before the Court and will not be considered.

No. 1) that he intends to continue filing these petitions in spite of the fact that courts have told him over and over again that habeas is not the proper procedural vehicle for his claims, the Court orders that any future habeas petition Giffen files without the assistance of counsel[4] will be subject to this District's standard procedures for restricted filers.

As Judge Foster explained to Giffen as recently as January of this year, the dismissal of Giffen's habeas petition does not preclude him from pursuing his claims through an appropriate procedural vehicle, see No. 25-CV-0086 (DSD/DJF), ECF No. 6 at 4, such as a civil action that is not a habeas petition. Giffen's civil action might ultimately be unsuccessful, but at least the court to which that action is assigned, unlike this Court, would have jurisdiction to rule on the merits of Giffen's claims.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objections [ECF Nos. 8, 10] and ADOPTS the R&R [ECF No. 6]. IT IS HEREBY ORDERED THAT:

1. Plaintiff's petition for writ of habeas corpus [ECF No. 1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

---

[4]Giffen has not formally moved for appointment of counsel, but requests that counsel be appointed in the body of his petition, see ECF No. 1 at 1. Because his claims are plainly not justiciable through habeas corpus, this request is denied. See 18 U.S.C. § 3006A(a)(2)(B).

2. Plaintiff's motion to proceed in forma pauperis and for other ancillary relief [ECF No. 2] is DENIED.

3. Plaintiff's emergency motion to transfer the case back to the Eastern District of North Carolina [ECF No. 7] is DENIED.

4. Plaintiff's emergency supplemental motion to transfer the case [ECF No. 9] is DENIED.

5. Plaintiff's motion for relief [ECF No. 13] is DENIED.

6. It is hereby ORDERED that plaintiff is RESTRICTED from initiating any new habeas corpus proceeding in this District unless he is represented by counsel or authorized to proceed by a judicial officer of the District.  This restriction shall also be applied to any habeas corpus proceeding plaintiff initiates in a different judicial district that is transferred to this District.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 10, 2025

s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court